UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>RAMIRO RAMIREZ-BARRETO,<br><br>      Defendant-Petitioner. | Civil No. 11-CV-525-L<br>Criminal No. 10-CR-395-L<br><br>**ORDER DISMISSING WITH PREJUDICE PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

On March 16, 2011, Petitioner Ramiro Ramirez-Barreto ("Petitioner") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  Respondent filed a response and opposition, and Petitioner filed a reply.  In his motion, Petitioner contends that his counsel performed ineffectively by failing to object to the Government's breach of the plea agreement.  The Court has fully reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, **DISMISSES** Petitioner's motion.

## BACKGROUND

On March 2, 2010, Petitioner entered into a written plea agreement with the Government.[1]  Under the terms of the plea agreement, Petitioner agreed to waive any right to

---

[1] Under the plea agreement, the parties jointly recommended a Base Offense Level of 8 and a 16 level increase pursuant to § 2L1.2(b)(1)(A).  (Plea Agreement, ¶4.)  Petitioner's Total Adjusted Offense Level, after a 3 level decrease for acceptance of responsibility and a 2 level departure for fast track was 19, with a resulting

1  appeal, or to collaterally attack his conviction and sentence, unless the Court imposed a custodial

2  sentence greater than the high end of the guideline range recommended by the Government

3  pursuant to the plea agreement. (*See* Plea Agreement ¶ 11.)  During the plea proceedings before

4  Magistrate Judge Jan M. Adler, Petitioner clearly acknowledged that he understood, that by

5  entering the plea agreement, he was waiving his rights to appeal and collateral attack.  Defendant

6  also clearly acknowledged that he understood he faced a maximum penalty of 20 years in prison.

7  (Transcript, Gov't Resp. Ex. B.)  On July 19, 2010, this Court sentenced Petitioner to a term of

8  63 months in custody.  This sentence reflected the Court's adoption of all downward adjustments

9  and departures recommended by the Plea Agreement.

## ANALYSIS

11     Petitioner waived both the right to appeal and the right to collaterally attack the judgment

12 and sentence as part of his plea agreement.  Because Petitioner does not challenge the validity of

13 the waiver, the Court finds that the waiver should be enforced.  A knowing and voluntary waiver

14 of a statutory right is enforceable.  *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir.

15 1990).  The right to collaterally attack a sentence under 28 U.S.C. § 2255 is statutory in nature,

16 and a defendant may therefore waive the right to file a § 2255 petition.  *See, e.g., United States*

17 *v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (by entering plea agreement waiving right to

18 appeal sentencing issues, defendant relinquished his right to seek collateral relief from his

19 sentence on the ground of newly discovered exculpatory evidence).

20     The scope of a § 2255 waiver may be subject to potential limitations.  For example, a

21 defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements

22 under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was

23 knowingly and voluntarily made.  *Navarro-Botello*, 912 F.2d at 321.  Such a waiver might also

24 be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or

25

26 advisory guideline range of 63-78 months.  The Government recommended that the Court sentence Petitioner to
   63 months custody at the low-end of the guideline range.  In addition to the agreed-upon 5 levels of downward
27 adjustments and departures in the plea agreement, defense counsel sought a 2-level downward departure for
   combination of circumstances and a criminal history departure from criminal history category VI to V.  Defense
28 counsel requested a 46-month sentence.

if the sentence imposed violates the law. *Id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1996). Finally, a waiver may not "categorically foreclose" defendants from bringing § 2255 proceedings involving ineffective assistance of counsel or involuntariness of waiver. *Abarca*, 985 F.2d 1012, 1014; *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1992). In this case, none of these potential limitations on the validity of Petitioner's waiver are applicable. First, the record indicates that Petitioner knowingly and voluntarily entered into the Plea agreement and that the requirements of Rule 11 were adhered to. (*See* Transcript, Gov't Resp. Ex. B.) Second, the sentence imposed by the Court was in accordance with the negotiated plea agreement, and in accordance with the applicable sentencing guidelines.

Regarding Petitioner's ineffective assistance of counsel claims, the Sixth Amendment to the Constitution provides that every criminal defendant has the right to effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court enunciated the test for determining whether a criminal defendant's counsel rendered ineffective assistance. In order to sustain a claim of ineffective assistance of counsel, the petitioner has the burden of showing both: 1) that his defense counsel's performance was deficient; and, 2) that this deficient performance prejudiced his defense. *Id.* at 690-92; *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995).

To satisfy the deficient performance prong of the *Strickland* test, the Petitioner must show that his counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." *Strickland*, 466 U.S. at 689. Moreover, *post-hoc* complaints about the strategy or tactics employed by defense counsel are typically found to be insufficient to satisfy the first prong of *Strickland*. *See, e.g., United States v. Simmons*, 923 F.2d 934, 956 (2d Cir. 1991) (appellant's displeasure with strategy employed by trial counsel insufficient to establish ineffectiveness). To satisfy the second prong, a section 2255 petitioner must show that he was prejudiced by the deficient representation he received. The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's

3

1   ineffectiveness.  *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

2          Here, Petitioner has not identified any aspect of his counsel's performance that could be

3   considered outside the range of competence demanded of attorneys in criminal cases.  The

4   record refutes Petitioner's claim that counsel failed to object to the Government's breach of the

5   plea agreement.  Petitioner claims that he was promised a maximum sentence of two years, and

6   that his counsel was ineffective for failing to object to the 63 month sentence that was actually

7   imposed.  First, Petitioner's claim that he was promised a maximum sentence of two years is

8   completely contradicted by the record.  Petitioner cites to the Order of Detention in support of

9   his argument.  However, Petitioner misunderstands the nature of this document.  It appears that

10  Petitioner believes the Order of Detention is a plea agreement.  It is not.  The plea agreement in

11  this case clearly stated that the maximum sentence Petitioner could receive was 20 years.  (Plea

12  Agreement, ¶ 1.)  Second, the Government did not breach the plea agreement by recommending

13  a sentence that the plea agreement called for.  Moreover, Defense counsel filed a nine page

14  Sentencing Memorandum requesting further downward departures, in addition to those already

15  recommended by the Government.  Counsel at the sentencing hearing raised similar arguments

16  and requested a 48-month sentence.

17         As stated above, Petitioner signed a plea agreement in which he agreed to waive any right

18  to appeal, or to collaterally attack his conviction and sentence, unless the Court imposed a

19  custodial sentence greater than the high end of the guideline range recommended by the

20  Government pursuant to the plea agreement.  (*See* Plea Agreement ¶ 11.)   In the plea agreement,

21  Petitioner initialed his assent that his plea was knowing and voluntary, and signed

22  acknowledging that he fully understood the agreement's terms.  Therefore, Petitioner's valid

23  waiver of his right to appeal forecloses his claim his counsel's failure to object to the

24  Government's breach of the plea agreement constituted ineffective assistance.

25         During the plea colloquy before Magistrate Judge Adler, Petitioner specifically stated that

26  he understood the concept of collateral attack, that he knew he had waived it, and that he had no

27  questions about that waiver.  He also stated that he understood that he faced a maximum penalty

28  of 20 years in prison.  Judge Adler confirmed that Petitioner had reviewed and initialed every

page of the plea agreement, indicating that he knew and understand the contents of each page. Petitioner also affirmed under oath that he had reviewed the entire agreement and discussed it with his counsel and that he had signed it on the last page.  Judge Adler asked Petitioner if he had any questions about the plea agreement, Petitioner replied in the negative.  Judge Adler further confirmed that Petitioner's counsel had discussed the plea agreement thoroughly with him, including the provision on waiver of appeal and collateral attack.  Even assuming that Petitioner's counsel did assure him that he would receive a lower sentence under the plea agreement, this would not provide Petitioner with a basis for relief.  *See, e.g., United States v. Michlin*, 34 F.3d 896, 899 (9th Cir. 1994) (defense attorney's failure to accurately inform the defendant of the sentencing range he faced did not entitle him to challenge his guilty plea).  Thus, the Court finds that none of the recognized limitations to a defendant's waiver of the right to bring a § 2255 motion are present in this case.  Therefore, the collateral attack waiver provision in Petitioner's plea agreement will be enforced.

## CONCLUSION

For the reasons set forth above, the Court finds that Petitioner has waived his right to collaterally challenge his conviction and sentence in this matter.  Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED:  September 26, 2011

_____
M. James Lorenz
United States District Court Judge

5

COPY TO:

Ramiro Ramirez-Barreto
Reg. No. 40946-048
FCI-Bennettsville
Inmate Mail/Parcels
P.O. Box 52020
Bennettsville, SC 29512